IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEGGY ROUNSAVALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv784-MEF |
| | ) |
| PROGRESSIVE SPECIALITY | ) |
| INSURANCE COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 10, 2007, this Court held a scheduling conference in the above-referenced case. Counsel for Defendant appeared at the conference, along with the Court. Plaintiff, Peggy Rounsavall (Rounsavall), however, did not appear at the conference as directed in this Court's Order of November 14, 2007 (Doc #17). The Court observes this is not the first time Rounsavall has failed to appear at a hearing concerning her case. Minute Entry (Doc. #11). Additionally, the Order of November 14, 2007, (Doc. #17) directed Rounsavall to file a joint Rule 26f Report in accordance with the Federal Rules of Civil Procedure. Order of November 14, 2007 (Doc. #17). No joint report was filed, nor did Rounsavall file her own report, like Defendant did. In light of Rounsavall's absence from the scheduling conference, an Order issued directing Rounsavall to show cause in writing why the undersigned should not recommend to the district judge that this case be dismissed for abandonment of claims and failure to comply with this Court's

Orders **on or before December 21, 2007**.[1]  Order of December 10, 2007 (Doc. #22).  To date, Rounsavall has not filed a response to this Order, which equates to her third failure to comply with this Court's Orders.  Order of October 16, 2007 (Doc. #9); Order of November 14, 2007 (Doc #17); Order of December 10, 2007 (Doc. #22).  The Court can only infer from her failure to appear at two hearings and her failure to file a response indicating why this action should not be dismissed that Rounsavall does not wish to pursue her case further and has abandoned her claims.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Rounsavall's claims be DISMISSED with prejudice for her continued failure to comply with this Court's Orders and her abandonment of those claims.[2]

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

---

[1] The Court also ordered Rounsavall to show cause in writing why she should not be sanctioned for failure to appear.  Order of December 10, 2007 (Doc. #22).  Because Defendant does not seek to recover its counsel's attorney's fees or expenses for attending the scheduling conference, this Court need not reach the issue of sanctions.  Response to Court Order (Doc. #23).

The undersigned further observes its Order of December 10, 2007, was returned undeliverable.  At this point in the litigation, Rounsavall appeared *pro se*.  It was therefore her responsibility to keep an updated mailing address on file with the Court.

[2] The undersigned notes that on December 21, 2007, the day in which a response to the undersigned's show cause order was due, Attorney Leah M. Fuller, entered an appearance on behalf of Rounsavall.  Notice of Appearance (Doc. #24).  Counsel's presence does not change this Court's reading of Rounsavall's actions, as neither counsel nor Rounsavall have filed a response to the show cause order or moved the Court for leave to file a response out of time.

Recommendation **on or before January 21, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 7th day of January, 2008.

        /s/ Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        UNITED STATES MAGISTRATE JUDGE