IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEGGY ROUNSAVALL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:07-cv-784-MEF |
| ) | |
| PROGRESSIVE SPECIALTY ) | |
| INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

This cause is before the Court on the Recommendation of the Magistrate Judge (Doc. # 25) entered on January 7, 2008. It is the recommendation of the Magistrate Judge that this case be dismissed with prejudice due to the failure of Plaintiff and her counsel to comply with certain Orders of this Court and what the Magistrate Judge characterizes as Plaintiff's abandonment of her claims. For the reasons set forth below, the Court declines to adopt the Magistrate Judge's recommendation with respect to this case. While the Plaintiff's conduct has been far from exemplary, the Court will not, at this time, preclude Plaintiff from litigating her claims. Plaintiff and her new counsel are cautioned, however, that this Court will not tolerate any further disregard for any of its Orders.

Plaintiff filed this case with the assistance of counsel in the Circuit Court for Montgomery County, Alabama. Defendant removed the action to this Court. Less than one month after the case was removed, Plaintiff's original counsel, Scott P. Hooker ("Hooker"), filed a motion to withdraw as Plaintiff's counsel. The reason Hooker gave for this action was

that he had accepted a position with a defense firm and because of that position he would not be able to represent Plaintiff in this action. The Court set the motion for a hearing and directed that Plaintiff and Hooker attend. Neither Plaintiff nor Hooker appeared as ordered. According to Hooker, this failure to comply with the Court's Order was entirely his fault and not the fault of Plaintiff, who was not even aware that there was to be a hearing that she was to attend. *See* Doc. # 14. The Court accepted this explanation and apology and did not sanction Plaintiff or her original counsel. The motion to withdraw was granted and the case was referred to the Magistrate Judge.

The Magistrate Judge entered an Order (Doc. # 17) setting a deadline for filing a Rule 26(f) Report of Parties' Planning Meeting and a scheduling conference. According to Court records, this Order, which was sent certified mail return receipt requested, was eventually returned as undeliverable. After Plaintiff failed to appear at the scheduling conference, the Magistrate Judge entered an Order (Doc. # 22) on December 10, 2007, directing that Plaintiff show cause why she should not be sanctioned for her failure to comply with the Court's orders and requiring Plaintiff to show cause in writing why her case should not be dismissed for abandonment of claims and failure to comply with this Court's orders. The deadline this Order set for Plaintiff's response was December 21, 2007.

In response to this Order, Defendant urged the Court to dismiss the action because the Plaintiff failed to properly prosecute it. *See* Doc. # 23. Plaintiff failed to file any response to the December 10, 2007 Order, however, court records show that Plaintiff did not receive

a copy of the December 10, 2007 Order until January 2, 2008.

Plaintiff's new counsel, Leah Fuller ("Fuller"), filed a Notice of Appearance on December 21, 2007. Upon entering the case, Fuller apparently failed to familiarize herself with the prior events in the case by reviewing the electronic court file. In this Court's view, Fuller should have reviewed all documents in the court file. Had she done so, she would have been aware of the December 21, 2007 deadline for a response from Plaintiff and she would have been able to file a response to the December 10, 2007 Order or to seek an extension of time. Instead, neither Plaintiff, nor Fuller made any response to the Order that the Plaintiff show cause as to why Plaintiff should not be sanctioned or to Defendant's request for the dismissal of this action.

On January 7, 2008, the Magistrate Judge entered a Recommendation advising dismissal of this action. Objections to this Recommendation were due by no later than January 21, 2008, a federal holiday. Consequently, Plaintiff should have made her response or objection by no later than January 22, 2008. Fuller, who admits having received a copy of the Recommendation, failed to file a timely response or objection to the Recommendation. Instead, Fuller waited until January 23, 2008 to file a response which can hardly be characterized as either an objection to a factual finding in the Recommendation or a legal argument in opposition to the Recommendation. Instead, this response contains an apology for Plaintiff's "inconsistency" in pursuing her claims and an assurance that Plaintiff fully intends to pursue this case.

On January 24, 2008, Defendant moved to strike Plaintiff's response to the Recommendation on the grounds that it is untimely. While it is factually correct that the response was untimely, this Court has discretion to extend the deadline for responses or to excuse untimely performance. In this case, the Court deems it appropriate to do the latter.

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Motion to Strike Response to Recommendation of the Magistrate Judge (Doc. # 28) is DENIED.

2. Plaintiff and her counsel are admonished that they have used up all of their "second chances" in this case. From this date forward, the Court expects complete and timely compliance with all of the Federal Rules of Civil Procedure, all of the Local Rules for the Middle District of Alabama, all Orders of this Court including any Order setting a deadline or a hearing. Apologies, excuses, and *mea culpas* from counsel will not excuse future failures to comply with orders of this Court. If Plaintiff or her current counsel have **any** doubt whatsoever about their ability to comply with future court orders and deadlines in this case or their ability to attend hearings when hearings are scheduled, they are advised to seriously consider moving to dismiss this action now rather than facing sanctions which this Court promises will be inevitable if there are any future problems with their compliance with orders from this Court.

3. Counsel for Plaintiff is ORDERED to promptly provide a copy of this Order to Plaintiff and to review its contents with Plaintiff. Counsel for Plaintiff is further ORDERED

to immediately review each and every pleading, Order, or other filed document in this case.

4. It is further ORDERED that by no later than **January 31, 2008**, counsel for Plaintiff shall file a certification, subject to the dictates of Federal Rule of Civil Procedure 11, indicating that she has complied with each requirement of paragraph 3 of this Order.

5. The Court declines to adopt the Recommendation of the Magistrate Judge (Doc. # 25) entered on January 7, 2008.

6. In light of the fact that Plaintiff is now represented by counsel, it is hereby ORDERED that the portion of the Court's order of November 13, 2007 (Doc. #16) referring this case to the Magistrate Judge and the Amended Uniform Scheduling Order dated December 10, 2007 (Doc. #21) are VACATED. A new Uniform Scheduling Order will issue after the parties submit their Report of Parties' Planning Meeting pursuant to Federal Rule of Civil Procedure 26(f).

7. Given the change in counsel in this case and the delays created by the change of Plaintiff's counsel, the Court finds it appropriate for the counsel for all parties to conduct a new Rule 26(f) conference. It is hereby ORDERED that the attorneys of record shall confer and develop a proposed discovery plan by no later than **January 31, 2008**. It is further ORDERED that the Rule 26(f) report containing the discovery plan shall be filed as soon as practicable but not later than **February 5, 2008**. The longstanding practice in this district is that dispositive motions shall be filed no later than 90 days prior to the pretrial date. If the parties seek to vary from that schedule, they should present, in the plan, specific case-related

reasons for the requested variance. This case will be set for trial before the undersigned judge during one of that judge's regularly scheduled civil trial terms. The pretrial date is normally set within four to six weeks of a scheduled trial term. The dates of each judge's civil trial terms are available on the court's website located at http://almd.uscourts.gov in the civil case information section. The court may or may not hold a scheduling conference before issuing a scheduling order. If the court holds a scheduling conference, counsel may participate in the scheduling conference by conference call. The scheduling order entered by the court will follow the form of the Uniform Scheduling Order adopted by the judges of this court. The Uniform Scheduling Order is also available on the court's website. The report of the parties should comply with Form 35 of the Appendix of Forms to the Federal Rules of Civil Procedure.

      DONE this the 25th day of January, 2008.

                          /s/ Mark E. Fuller
                       CHIEF UNITED STATES DISTRICT JUDGE